IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-15-CR-278 LY |
| | § | |
| ONNESSIMUS M. GOVEREH | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on October 28, 2016, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I. PROCEDURAL BACKGROUND

On December 14, 2009, the Defendant was sentenced by U.S. District Judge Julie E. Carnes to 100 months imprisonment, followed by three years of supervised release, as a result of a guilty plea to thirteen counts of a multi-count indictment. All of the counts to which Govereh pled guilty charged him with False Claims to the Internal Revenue Service in violation of 18 U.S.C. § 287. The specific sentence was 60 months imprisonment on Count 1, and 40 months on all of the remaining counts, with all of the 40 month sentences to run concurrent with each other, but consecutive to the 60 month sentence on Count 1. He was also ordered to make restitution in the amount of $62, 274.

Govereh commenced his supervision on May 17, 2014. From the beginning of his supervision, Govereh has made numerous excuses and false statements regarding his residence, his employment, and virtually every aspect of his supervision obligations. This led to the Probation Office filing a petition seeking potential revocation, in response to which the Court issued a summons to Govereh. Dkt. Nos. 3 & 4. On August 17, 2016, Govereh appeared in response to the summons for his initial appearance, and counsel was appointed. The final revocation hearing was scheduled for September 1, 2016. Govereh failed to appear for the hearing. His attorney stated at the hearing that Govereh had contacted him and advised that "rather than face prison time and deportation, I am crossing into Canada." The Court thus issued a bench warrant for Govereh's arrest. Dkt. No. 16. On October 12 or 13, 2016, the defendant was arrested on that warrant as the result of a traffic stop in or near Waxahachie, Texas, located in the Northern District of Texas.[1]

After the arrest, the Probation Office amended its Petition, adding the failure to appear as an additional new law violation, and a violation of the standard travel condition. Dkt. No. 19. On October 28, 2016, Govereh and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the

---

[1]There was uncertainty at the hearing of the exact date of Govereh's arrest. Govereh contends the arrest occurred late on the night of October 12, 2016. The warrant return lists October 14, 2016, as the arrest date, and Waxahachie, TX as the arrest location. Govereh states, however, that the actual arrest occurred in Italy, TX, on October 12, 2016, and he was subsequently transferred to Waxahachie for the Marshal to take him into custody on the bench warrant. The Court did not have sufficient evidence to resolve the uncertainty on this, but all parties agreed that Govereh is entitled to credit on his sentence beginning on the date of the traffic stop that led to the arrest on the warrant.

Defendant pled "True" to the failure to appear violation, and the Government withdrew all of the remaining allegations of the Amended Petition.

## FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a U.S. Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government gave a summary of the evidence against the Defendant.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights.

11. The Defendant violated conditions of his supervised release by committing the offense of Failure to Appear, and by traveling outside of the Western District of Texas.

## III.   RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the

intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade B, and the Defendant's criminal history category was a IV, resulting in a guideline range of 12-18 months of imprisonment. Having considered all of the above, the undersigned RECOMMENDS that, on all of the counts of conviction, the Defendant be sentenced to 12 months and one day of imprisonment, with no supervised release to follow, with such sentences to all run concurrent with each other. The Court FURTHER RECOMMENDS that the Court impose the remaining restitution obligation of $60,724. FINALLY, the Court recommends that the district judge include in his order a recommendation to the BOP that Govereh be designated to serve his sentence in Texas, and specifically at FCI Bastrop.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 28th day of October, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE